United States District Court
Southern District of Texas
**ENTERED**
July 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Meagan T. Copelin, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:25-cv-04502 |
| Texas Department of Family and Protective Services, | § | |
| *Defendant*. | § | |

**MEMORANDUM, RECOMMENDATION, AND ORDER**

In this employment dispute, Defendant Texas Department of Family and Protective Services ("DFPS") moved to dismiss Plaintiff Megan T. Copelin's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 6. After carefully considering the motion, the response, Dkt. 10, and the applicable law, it is recommended that DFPS's motion to dismiss (Dkt. 6) be granted, but it is further ordered that Copelin be granted leave to file an amended complaint.

## Background

Copelin alleges the following facts, which are taken as true at this stage. In July 2024, Copelin started working for DFPS as a Child Protective Services Investigator. Dkt. 1 at 2. During her first child-removal assignment, Copelin was tasked with transporting a child's parent, despite contrary DFPS policy. *Id.* The parent made death threats against Copelin. *Id.* After this event,

supervisors made "mocking, threatening, and emotionally abusive comments" to Copelin about the incident. *Id.*

Following that incident, Copelin experienced severe anxiety, sleep disturbances, and trauma. *Id.* She requested mental health leave and accommodations, but DFPS denied her request "outright," did not engage in an interactive process, and refused to modify her duties. *Id.* She was then "forced" to resign on August 9, 2024, due to the "intolerable emotional and psychological impact" of DFPS's work environment. *Id.* Copelin was not offered standard HR procedures, such as an exit interview, that other resigning employees were provided. *Id.* After her resignation, Copelin's former supervisor called her to ask, "Why are you telling people what I said?" *Id.*

Copelin filed a complaint with the EEOC, *see id.* at 4, and received a right-to-sue letter on June 18, 2025, *see id.* at 28. On September 16, 2025, Copelin sued DFPS, alleging failure-to-accommodate, retaliation, hostile work environment, constructive discharge, and disparate treatment claims under Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA"). *Id.* at 2-3. DFPS moved to dismiss Copelin's claims, Dkt. 6, to which Copelin responded, Dkt. 10. Copelin also filed a separate "Notice of Opposition" to DFPS's motion to dismiss. Dkt. 11. The motion is ripe for resolution.

## <u>Legal Standard</u>

"Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287. The plaintiff bears the burden to establish that subject-matter jurisdiction exists. *Id.* at 286.

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather,

"[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (analyzing *Twombly*, 550 U.S. at 555-56). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quotation omitted).

Pro se pleadings are liberally construed. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). But "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) ("[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

## Analysis

DFPS is correct that Copelin cannot bring her disability-based claims under Title VII and that sovereign immunity bars her ADA claims against it. Those claims should be dismissed. But Copelin's allegations could be construed as claims under Section 504 of the Rehabilitation Act. The Court therefore grants Copelin leave to amend her pleading to raise such a claim, which will then give DFPS a chance to address it.

### I. Copelin's allegations are not actionable under Title VII.

Title VII prohibits employers from discriminating based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. But as DFPS observes, *see* Dkt. 6 at 4-5, Copelin's Title VII claims are based solely on her alleged disability. "Disability … is not a protected category under Title VII." *Pena v. Atascosa Cnty.*, 2025 WL 1463197, at *1 (W.D. Tex May 21, 2025). Copelin has not alleged facts indicating that she was discriminated against based on any Title VII-protected characteristic. Accordingly, her Title VII claims fail.

### II. Sovereign immunity bars Copelin's ADA claims.

DFPS is also correct that the ADA claims are barred by sovereign immunity. Dkt. 6 at 2-3. "In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). That means a federal court lacks "jurisdiction to hear a suit against the State of Texas or any

of its agencies, regardless of the relief sought, unless sovereign immunity is expressly waived." *Soto v. Tex. Dep't of Fam. & Protective Servs.*, 197 F. Supp. 3d 930, 932 (S.D. Tex. 2016) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

Copelin asserts five employment discrimination claims under Title I of the ADA. *See Decker v. Univ. of Hou.*, 970 F. Supp. 575, 577-578 (S.D. Tex. 1997) ("Title I of the ADA … governs employment."). But Title I of the ADA does not abrogate the state's sovereign immunity. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 327 (5th Cir. 2002) (citing *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001)). That immunity applies to the DFPS, a state agency. *See Soto*, 197 F. Supp. 3d at 932. As a result, this Court lacks jurisdiction over the ADA claims against DFPS. *See Palacios v. Tex. Dep't of Fam. & Protective Servs.*, 2025 WL 2346121, at *2 (S.D. Tex. July 11, 2025) (same conclusion), *adopted by* 2025 WL 2337049 (S.D. Tex. Aug. 13, 2025).

## III. Copelin's disability-related allegations can be characterized as Rehabilitation Act claims.

Consistent with its duty to construe Copelin's allegations liberally, however, this Court observes that her disability-related discrimination claims could be couched as violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794. In particular, Section 504 states that "[n]o otherwise qualified individual with a disability … shall, solely by reason of his or her disability, be

… subjected to discrimination under any program or activity receiving Federal financial assistance ….” 29 U.S.C. § 794(a). Notably, too, public entities that receive federal funds expressly waive their immunity for Section 504 claims. 42 U.S.C. § 2000d-7(a)(1); *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 280 (5th Cir. 2005) (en banc).

DFPS does not acknowledge the possibility of framing Copelin's allegations as claims under Section 504 of the Rehabilitation Act. Nor is it clear whether DFPS qualifies as a public entity that receives federal funds, such that Section 504's sovereign-immunity waiver applies. Given the materiality of this issue—including its impact on subject-matter jurisdiction—the better course is to grant Copelin leave to amend her pleading to assert a Rehabilitation Act claim explicitly, if she so chooses, and provide DPFS an opportunity to address the viability of such a claim.

## Recommendation and Order

For the foregoing reasons, it is **RECOMMENDED** that Defendant Texas Department of Family and Protective Services's motion to dismiss (Dkt. 6) be **GRANTED** as follows:

- Plaintiff Meagan T. Copelin's claims under Title VII of the Civil Rights Act of 1964 should be **DISMISSED WITH PREJUDICE**, and

- Copelin's claims under Title I of the Americans with Disabilities Act should be **DISMISSED WITHOUT PREJUDICE** for want of subject-matter jurisdiction.

Nevertheless, it is further **ORDERED** that Copelin be **GRANTED** leave to amend her complaint to reframe her allegations as a claim under Section 504 of the Rehabilitation Act. The amended complaint must be filed by **July 28, 2026**. Failure to meet that deadline may result in dismissal of this suit.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 14, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge